UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GREGORY DOWNS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION,<br><br>　　　　Defendant. | No. 2:20-cv-11251-JLS (JDE)<br><br>ORDER OF DISMISSAL |

## I.

## INTRODUCTION

On October 14, 2020, Gregory Downs ("Downs") an inmate at California Men's Colony, in San Luis Obispo, California (the "Prison"), proceeding pro se, filed with the United States District Court for the Northern District of California ("Northern District") a three-page pleading captioned "This action being filed under the July 22, 2020 order of District Judge Jon Tigar to CDCR pretaining COVID-19," naming the California Department of Corrections & Rehabilitation ("CDCR") as the sole defendant/respondent.

Dkt. 1 ("Complaint"). Downs did not pay the applicable federal civil filing fee or seek leave to proceed in forma pauperis ("IFP").

On October 20, 2020, the Clerk for the Northern District sent Downs a notice that: (1) advised Downs that his "civil action is deficient because" he had not paid the required filing fee or filed an IFP application; (2) provided a blank IFP application with a post-paid return envelope; and (3) advised Downs that if he did not respond to the notice within 28 days, the "action will be DISMISSED . . .." Dkt. 3 ("Notice"). On November 18, 2020, Downs filed a motion seeking an extension until December 4, 2020 to respond to the Notice, describing the process of handling "legal pleadings" by the Prison, asking "how does that sound to you Player?," and asserting "I don't have to tell you what I'm filing against you." Dkt. 7 at 1-2. The Northern District ordered the action transferred to this District on December 1, 2020. Dkt. 10. As of the date of this Order, Downs has not filed an application to proceed IFP.

For the reasons set forth below, the Court dismisses the Complaint.

## II.

## THE ALLEGATIONS IN THE COMPLAINT

The Complaint states, in full, except where noted:

> The Prison Legal News September 2020 indicates on July 22, 2020, U.S. District Judge Jon Tigar ordered officials with the State Department of Corrections & Rehabilitation to reserve a minimum of 100 beds in each of it's 35 prisons to isolate and quarantine prisoners infected with the novel coronavirus that causes the disease.
> That week Medical staff at CMC started to clear C quad in which I was on for the tents.
> The tents in question were being taken down as of Oct 2, 2020 on C quad.
> I'm in prison and I'm in pro se and claiming Penal Code § 851.8 determination of factual innocence.
> In 2016 I was housed at Corcoran State Prison and was code 3 from the institution for emergency surgery.

    The court has jurisdiction if the court's clerk will look San Francisco Deputy District Attorney Eric Flemming was with LAPD prior to passing the Bar and gaining employment with the City of San Francisco. The petitioner sought to obtain discovery from the San Francisco Grand Jury, San Francisco City & County Attorney, San Francisco Public Defendant Office.

    If the court will look up Guerrero v. Gates 442 F.3d 697 (9th Cir. 2006) Ovando v. City of Los Angeles 92 F. Supp. 2d 1011 (C.D.al. 2000) worked with and trained Eric Flemming these indivuals with held evidence in my conviction because the state chief witnesses in my conviction were convicted of selling 15-50 kilos of cocaine 100 days before my trial. There operations covered Sacramento, L.A., Cleveland, Akron Ohio etc.

    Under P.C. § 1054.9 in regards to San Francisco Deputy District Attorney Eric Flemming in which LAPD, Sacramento PD, Sacramento SD, & DEA a quested was a of the conviction with detailed timeline. These action were never issued a case numbers violating the petition Procedural Due Process & Substantive Due Process. [Citations]

    This court will see it has jurisdiction and is able to question parties under FRE 103, FRE 104, FRE 302, FRE 404, FRE 607, FRE 609 & FRE 609.

    Action requested:

1) Order the Chief Medical Officer to give you a live feed of C quad 5 & 6 block and you will see that the tent has been taken down they can can do it with there phones because they were taken pictures with them to write inmates who didn't have a mask on!!!
2) The petitioner is requesting that the court allow this action to move forward due to the fact he falls squareley under the (ADA) and his medical condition makes him a prime target for coronvarus.
3) Appoint counsel under the Armstrong v. Schwarzenegger & & Clark v. California access to court for ADA litigators to enable the petitioner (HIPPA) can be waived on the record to enabler the court to view what type of emergency surgery was performed in 2016.
4) Issue a copy of this action with the same case number on it of the order issued on July 22, 2020 to CDCR so petition

3

        can mail a copy of this request to the California Attorney General Office.
5) Due to the fact San Francisco Municipality falls under the Court jurisdiction the action can move forward.
6) Will the court issue an order for Hearing by Telecommunication at prison.
7) Will the court issue a order indicating the petitioner needs access to the law library.

Complaint at 1-2.

### III.

### STANDARD OF REVIEW

The Court must screen any civil complaint filed by a prisoner seeking redress against a governmental defendant, and, if it fails to state a claim on which relief may be granted, dismiss the complaint. 28 U.S.C. § 1915A(a), (b).

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). When screening a complaint, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

In addition, federal courts are courts of limited jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). A district court's jurisdiction to resolve a case on its merits requires a showing that it has both subject matter and personal jurisdiction. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Johnson v. Columbia Props. Anchorage, L.P.</u>, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States"; or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

Separately, a party instituting a civil action in district court, except an application for writ of habeas corpus, must pay a filing fee of $400. <u>See</u> 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14. An action may proceed despite a failure to pay the fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).

## IV.
## DISCUSSION

### A. The Complaint Fails to State a Claim on Which Relief May Be Granted

The Complaint does not cite any underlying federal statutory basis and does identify any cognizable federal civil claim. Instead, the Complaint cites to an order by a district court judge in the Northern District as the basis for its request for relief. However, Downs offers no legal authority that gives this

5

Court jurisdiction to enforce an order issued by a different district judge, in a different district, in a different, unspecified action. Downs avers that this "court has jurisdiction" if it "will look" at the background of a San Francisco Deputy District Attorney. It is not apparent to the Court how the unspecified background of a prosecutor residing in another district would create jurisdiction for this matter in this Court. Downs separately cites provisions of the Federal Rules of Evidence as a basis for jurisdiction, but those provisions do not themselves confer jurisdiction.

The Complaint alleges the Prison, which is located within this district, "started to clear C quad . . . for the tents" in July 2020, but the "tents in question were being take down as of Oct[ober] 2, 2020." Complaint at 1. Downs thereafter states that he is claiming "factual innocence" under California state law and had emergency surgery in another prison in 2016. Id. He then recites various vague allegations about the prosecutor in a state criminal case in San Francisco. Id. at 1-2. His prayer for relief seeks installation of a camera at the Prison, appointment of counsel, a copy of "the order issued on July 22, 2020 to CDCR," and the issuance of orders permitting him access to the law library and telephones for hearings. Id. at 2-3.

The Complaint, construed liberally, does not state a claim upon which relief can be granted. The only substantive allegation regarding any conduct in this district is an assertion that an area was cleared for tents at the Prison in July 2020, and on October 2, 2020, those tents were being taken down. Downs does not allege any statutory or constitutional violation caused by such conduct, and the Court, liberally construing the allegations, finds none. The Complaint's vague allegations about conduct of a prosecutor in San Francisco at an unspecified time are so vague and conclusory that they do not state a claim over which this Court would have even arguable jurisdiction.

As the Complaint does not state a claim upon which relief may be granted, the Court must dismiss it under 28 U.S.C. § 1915A(b).

### B. Downs Has Not Paid the Filing Fee or Sought Leave to Proceed IFP

As noted, unless granted leave to proceed IFP, a party instituting a civil action in district court, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. §§ 1914(a), 1915(a).

Here, despite notice and more than 60 days to do so, Downs has not paid the filing fee or filed a request to proceed IFP. Thus, his case cannot proceed.

## V.
## CONCLUSION AND ORDER

The Complaint fails to state a claim upon which relief can be granted and thus must be dismissed under 28 U.S.C. § 1915A(a), (b). Further, Downs has not, despite notice and an opportunity, either paid the applicable filing fee or sought leave to proceed IFP.

Therefore, IT IS HEREBY ORDERED THAT this action is DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated: January 20, 2021

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge